IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

OTTO GIBBS,                           :
                                      :
           Petitioner,                :
                                      :     **CONSOLIDATED**
    v.                                :     Civ. Act. No. 11-1216-LPS
                                      :     Civ. Act. No. 11-1217-LPS
PHILIP MORGAN, Warden, and JOSEPH     :
R. BIDEN, III, Attorney General of the :
State of Delaware,                    :
                                      :
           Respondents.               :

---

Otto Gibbs. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

September 14, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Otto Gibbs ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. BACKGROUND

In 1997, a Delaware Superior Court jury convicted Petitioner of second degree unlawful sexual intercourse. *See Gibbs v. State*, 723 A.2d 396 (Table), 1998 WL 977116, at *1 (Del. Nov. 19, 1998). The Superior Court sentenced him to a total of twenty years in prison, suspended after fifteen mandatory years, for varying levels of supervision. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. *Id.*

In 2010, prior to his release from prison, Petitioner was served notice of the State's intent to designate him as a Tier III sex offender in accordance with the State of Delaware Sex Offender Registration laws contained in Del. Code Ann. tit. 11, §§ 4120-4122, 4336. *See State v. Gibbs*, 2011 WL 3792823, at *1 (Del. Super. Ct. Aug. 4, 2011). Petitioner filed a motion to dismiss and also requested a continuance to obtain counsel. After conducting an evidentiary hearing on December 20, 2010, a Superior Court Commissioner denied Petitioner's continuance request and granted the State's request to register Petitioner as a Tier III sex offender. *Id.* In February 2011, Petitioner filed another motion to dismiss, arguing that the Commissioner's ruling was unconstitutional. *Id.* On March 8, 2011, the Superior Court approved the Commissioner's ruling and designated Petitioner as a Tier III Offender. *Id.* Petitioner did not appeal this decision.

On June 20, 2011, Petitioner was arrested for failing to properly register as a sex offender. (D.I. 18 at 2; *see also State v. Miller (aka Gibbs)*, ID No. 1105003940 Com'r Rep. & Rec. at 2 (Del. Super. Ct. Dec. 4, 2012)) He pled guilty and was sentenced on October 11, 2011 to sixty days of

1

incarceration with no supervision to follow. Petitioner was also ordered to properly register as a sex offender. Petitioner did not appeal his conviction to the Delaware Supreme Court. (D.I. 18 at 2-3)

In November 2011, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), which a Superior Court Commissioner returned to Petitioner in February 2012 because it was unreadable. (D.I. 20, Del. Super. Ct. Crim. Dkt. Entry Nos. 118, 122) Petitioner re-submitted his Rule 61 motion August 14, 2012, asserting that the Superior Court denied his right to counsel when it denied his request for a continuance of the tier designation hearing, and that the sex offender registration requirement violated the Due Process, Double Jeopardy, and Ex Post Clauses. *See Miller (aka Gibbs)*, ID No. 1105003940, Com'r Rep. & Rec. at 2 (Del. Super. Ct. Dec. 4, 2012). Petitioner appealed the Commissioner's decision; the Delaware Supreme Court dismissed the appeal for lack of jurisdiction pursuant to Delaware Supreme Court Rule 29(b) because it does not have authority to hear an appeal directly from a Report and Recommendation of a Superior Court Commissioner without intermediate review by a Superior Court judge. *See Gibbs v. State*, 2013 WL 167200, at *1 (Del. Jan. 15, 2013).

## II. GOVERNING LEGAL PRINCIPLES

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-

court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d

3

Cir. 2000); *see also Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt, *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable

4

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## III. DISCUSSION

In this consolidated proceeding,[1] Petitioner essentially asserts two claims for relief: (1) he was being unlawfully detained when he filed this proceeding because the Board of Parole had not yet conducted a parole violation hearing; and (2) his sex offender tier hearing and designation as a Tier III sex offender violates the Double Jeopardy, *Ex Post Facto*, and Due Process Clauses of the Constitution.

### A. Claim One: Parole Hearing

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78.

The record reveals that the Board of Parole held Petitioner's Violation of Parole hearing in February 2012 and sentenced him. (D.I. 18 at 10) The only relief Petitioner requested with respect to Claim One was that he be brought before the Board of Parole. As such, the Court will deny Claim One as moot, because Petitioner has obtained his requested relief.

### B. Claim Two: Whether Sex Offender Designation and Registration Requirement Are Unconstitutional

---

[1]Petitioner filed two Petitions on the same day. *See Gibbs v. Morgan*, 11-1216-LPS and *Gibbs v. Morgan*, 11-1217-LPS. The Court consolidated the cases because both Petitions challenged the constitutionality of Petitioner's designation as a Tier III sex offender.

In Claim Two, Petitioner contends that his designation as a Tier III sex offender, and his requirement to register as a sex offender, violate his constitutional rights under the Due Process, *Ex Post Facto*, and Double Jeopardy Clauses. As an initial matter, the Court notes that other federal courts addressing challenges to sex offender registration requirements have held that such challenges are not cognizable habeas claims, because the sex offender registration requirement is a collateral consequence of the original conviction and not a restraint on liberty. *See Pettit v. Coleman*, 2011 WL 4433162, at *9 (W.D. Pa. Sept. 21, 2011); *Williams v. Dist. Attorney Alleghany Cnty.*, 2010 WL 4388073, at *8 (W.D. Pa. Oct. 29, 2010) (collecting cases). Given the reasoning of these decisions, the Court is not persuaded that Petitioner's argument regarding the unconstitutionality of his ongoing registration requirement presents an issue cognizable on Federal habeas review.

Nevertheless, to the extent the Court should construe both of the arguments in Claim Two as presenting an issue cognizable on federal habeas review, the Court concludes that the Claim must be denied as procedurally barred. Although Petitioner presented the same constitutional arguments contained in Claim Two on post-conviction appeal to the Delaware Supreme Court, the Delaware Supreme Court dismissed the post-conviction appeal for lack of jurisdiction pursuant to Delaware Supreme Court Rule 29(b). By denying Petitioner's premature post-conviction appeal under Delaware Supreme Court Rule 29(b), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984), that its decision rested on state law grounds. As a result, Petitioner's attempt to appeal the denial of his Rule 61 motion did not exhaust state remedies for Claim Two. Moreover, at this juncture, any attempt by Petitioner to obtain further state court review via a new Rule 61 motion would be time-barred under Rule 61(i)(1), as well as procedurally defaulted under Rule 61(i)(3). Given these circumstances, Claim Two is procedurally defaulted,

meaning that the Court cannot review the merits of the Claim absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review.

Petitioner attempts to establish cause for his procedural default by asserting that he was unconstitutionally denied representation by counsel during his 2010 Tier III designation hearing. (D.I. 21) This Court disagrees. The Court has not found any Supreme Court case establishing a Sixth Amendment right to counsel during sex offender classification and registration hearings.[2] Nor has Petitioner demonstrated that he had a Due Process right to counsel during his tier assessment hearing. Delaware has not established a statutory right to representation by counsel in such proceedings which, in turn, means that Petitioner did not have a liberty interest in such representation.[3] Without such a liberty interest, Petitioner cannot demonstrate that the Due Process

---

[2]The Sixth Amendment of the United States Constitution grants indigent defendants in criminal prosecutions and direct appeals the right to counsel, but does not govern civil cases. *See Turner v. Rogers*, 131 S.Ct. 2507, 2510 (2011). In Delaware, sex offender tier assessment hearings and registration requirements are not punitive and are not considered to be criminal in nature. *See Helman v. Stat,.* 784 A.2d 1058, 1066 (Del. 2001) (stating defendant's tier level assignment is based solely on statute, which prohibits state court from exercising any discretion in assessing defendant's risk).

[3]The Due Process Clause of the Fourteenth Amendment protects certain fundamental rights. *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990). The first step in analyzing if a prisoner's Due Process rights have been violated is determining if the prisoner has been deprived of an existing liberty or property interest. *See Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 861 (2011). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty', or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). If the prisoner has been deprived of a liberty interest, then the Court must engage in a further inquiry to determine if the procedures followed by the State were constitutionally sufficient. *See Swarthout*, 131 S.Ct. at 861.

The Court has not found any Supreme Court case holding that a convicted sex offender has a liberty interest in being represented by counsel during a sex offender designation hearing. In turn, Delaware has not created a statutory right to counsel in such proceedings, which means that Petitioner did not have a liberty interest in being represented by counsel during his December 2010 tier assessment hearing. *See, e.g., Wilkerson v. State*, 897 A.2d 768 (Table), 2006 WL 822733, at *2 (Mar. 28, 2006) ("[T]his Court has previously ruled that this 'compulsory approach' to sex offender

Clause established a right to counsel during his tier assessment hearing. For these reasons, Petitioner's argument that the absence of representation constitutes cause for his default of Claim Two is unavailing.

In the absence of cause, the Court will not address the issue of prejudice. Moreover, Petitioner has not provided new reliable evidence of his actual innocence warranting the application of the miscarriage of justice exception to the procedural default doctrine. Accordingly, the Court will deny Claim Two as procedurally barred from Federal habeas review.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.

---

registration and community notification does not implicate any state or federal constitutional liberty or privacy interest and does not constitute a violation of either due process or equal protection."). As such, Petitioner has not demonstrated that he had a right to counsel originating from the Due Process Clause.